THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Julie Lynn Seppich,<br><br>     Plaintiff,<br><br>v.<br><br>Tec Management, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:25-cv-00026-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are a plethora of motions filed by *Pro Se* Plaintiff Julie Seppich. On March 11, 2025, the court temporarily granted Plaintiff's Motion to Proceed *in forma pauperis*.[1] The court addresses the motions in turn.

Among the "oldest and most consistent thread[s] in the federal law of justiciability is that the federal courts will not give advisory opinions."[2] The Supreme Court has "long understood" that the constitutional case or controversy limitation requires "that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions."[3] Advisory opinions, as "advance expressions of legal judgment," have long been viewed as outside the confines of Article III of the Constitution.[4] In essence, advisory opinions are "expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges

---

[1] ECF No. 25.

[2] *Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968).

[3] *Carney v. Adams*, 592 U.S. 53, 58, 141 S. Ct. 493, 498, 208 L. Ec. 2d 305 (2020).

[4] *United States v. Fruehauf*, 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961).

precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation"[5]

Many of Plaintiff's motions are improper under the case or controversy requirement. Plaintiff moves to confirm federal jurisdiction and establish the inapplicability of procedural defenses.[6] Plaintiff asserts "Defendants will improperly attempt to dismiss this case by invoking Rooker-Feldman, Younger abstention, Colorado River abstention, res judicata, and qualified immunity, all of which are inapplicable under controlling law."[7] In support Plaintiff argues these doctrines do not apply. For example, Plaintiff avers no ongoing state proceedings exist. On March 10, 2025, Plaintiff filed an Amended Supplemental Motion in Support of Judicial Clarification[8] adding additional argument that the Younger abstention doctrine does not apply.[9] To rule in favor of Plaintiff's motions would require the court to issue an advisory opinion that these doctrines do not apply in this case. Defendants have yet to be served and there is no "clash of adversary argument exploring every aspect of a multifaceted situation."[10] Accordingly, these motions are DENIED.[11]

In similar fashion Plaintiff's Motion for Sanctions due to delay tactics of Defendants' Counsel is DENIED.[12] Defendants have yet to enter this case and Plaintiff's concerns alleging an "immediate and irreparable injury, loss or damage" were already rejected by this court.[13]

---

[5] *Id.*

[6] ECF No. 6.

[7] Motion to Confirm Federal Jurisdiction and Establish the Inapplicability of Procedural Defenses at 1.

[8] ECF No. 19.

[9] *See Younger v. Harris*, 401 U.S. 37 (1971).

[10] *Fruehauf*, 365 U.S. at 157.

[11] ECF No. 6, 19.

[12] ECF No. 16.

[13] Order Denying Motion for *Ex Parte* Temporary Retraining Order Without Prejudice at 2, ECF No. 12.

Plaintiff's Motion to Compel Discovery and Request for Sanctions[14] is also premature and would require an advisory opinion. It is therefore DENIED. Relatedly, one cannot disqualify Defense counsel due to a conflict of interest prior to defense counsel having entered an appearance in this case. This motion is DENIED.[15]

Plaintiff also filed multiple Motions seeking expedited or emergency relief. For example, Plaintiff seeks an expedited hearing arguing her "Motion for Preliminary Injunction and Emergency Relief establishes a high likelihood of success on the merits."[16] However, the motions for Preliminary Injunction and Emergency Relief[17] and Plaintiff's Motion for Preliminary Injunction to Enjoin State Court Proceedings[18] fail to meet the burden of showing the four preliminary injunction factors weigh in Plaintiff's favor.[19] Thus, these three motions are DENIED.[20]

What remains, is Plaintiff's Motion for Service of Process.[21] For plaintiffs proceeding *in forma pauperis* as Plaintiff is, the court issues and serves all process and performs all duties related to service of process.[22] However, if the court determines that service should be made,

---

[14] ECF No. 22.

[15] ECF No. 23.

[16] ECF No. 7.

[17] ECF No. 8.

[18] ECF No. 21.

[19] *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) ("Before a preliminary injunction may be entered pursuant to Fed.R.Civ.P. 65, the moving party must establish that: (1) [the movant] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.").

[20] ECF No. 7, 8, and 21.

[21] ECF Ni, 15,

[22] *See Laurence v. Wall*, 551 F.3d 92, 93 (1st Cir. 2008). "Fed.R.Civ.P. 4(c)(3) provides that the district court 'must' order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915." *Id*. Any failure of the court to serve process will not prejudice an IFP plaintiff. *See Olsen v. Mapes*, 333 F.3d 1199, 1204–05 (10th Cir. 2003) (finding that a plaintiff proceeding in forma pauperis is entitled to rely on service by the U.S.

Plaintiff is responsible for providing sufficient information for service of process.[23] That determination has yet to be made, and the court will review Plaintiff's Complaint as set forth in 28 U.S.C. § 1915.

ORDER

As set forth above, Plaintiff's Motions are DENIED.[24]

DATED this 17 March 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

Marshal, and is therefore not culpable for failure to serve where there is no evidence that the plaintiff failed to cooperate with the U.S. Marshals).

[23] *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding in forma pauperis and pro se had responsibility to provide correct names and proper addresses for service of process).

[24] ECF Nos. 6, 7, 8, 15, 16, 19, 21, 22, and 23.